# WELCH & COMPANY

*v.*

## CENTRAL SAN CRISTOBAL,

and

# UNITED STATES MORTGAGE & TRUST COMPANY

*v.*

## CENTRAL SAN CRISTOBAL.

---

San Juan, Equity, Nos. 940, 947.

**Creditors' Bill—Claim.**

1. If a claim has been referred to the master, it is not proper before his report to file a bill of intervention for the same purpose.

**Claim of Bondholders—Trustee.**

2. A bondholder cannot set up a claim unless the trustee is shown to be negligent in doing so. There is no necessity for a bondholder proving his ownership until a general order is made for proof of bonds.

**Bondholder—Special Rights.**

3. The fact that a general creditor disputes the issue of bonds

Welch & Co. v. Central San Cristobal.

does not give an individual bondholder the right to intervene without more. This is the duty of the trustee.

Opinion filed March 20, 1915.

Mr. *H. G. Molina* for Welch & Company.

Mr. *J. Henri Brown* for United States Mortgage & Trust Company.

Mr. *Louis Banigan* for Fajardo Sugar Company.

HAMILTON, Judge, delivered the following opinion:

This comes up in the two cases which have heretofore been consolidated. It seems that in the Welch & Company Case, which is a general creditors' bill, the Fajardo Sugar Company has filed its claim for some $62,000 or $63,000, growing out of the transactions which are set out in the present bill of intervention.

As I understand it now, there are no new facts making up the claim set out in the bill of intervention, none that have not previously existed. The matter is in this bill exactly as it was before. This claim was referred to the master, and, as I understand it, has not been reported on,—that is, the claim of the Fajardo Sugar Company as a general creditor. They seem to have two claims; one is that they bought in these bonds at $969 and are therefore bondholders and are to be treated as such; and the other is that they are general creditors for the balance and are to be treated as such. It is the first claim, as I

Welch & Co. v. Central San Cristobal.

understand it, that has gone to the master. The other claim, as to their rights as bondholders, has yet to be adjudicated.

This bill of intervention, which has been authorized by the court and was filed with propriety, makes allegations as to both of these two claims, and is filed in Equity No. 947, the foreclosure suit, and, as I understand it, mainly on the ground that the Welch answer in this case sets up the whole issue of bonds was invalid because not conforming to the registration laws, and perhaps for other reasons, but that the whole issue is invalid for some reason. As to this, evidence has been taken and briefs are filed, so that if it is right to take up this claim of the Fajardo Sugar Company, I should to a large extent be going through the same evidence that I will have to go through in the main suit, No. 947. On the argument it is asked that I take all this evidence into account, and I intimated that it would have to be sorted out so that I would know what to consider and what not.

1. It seems to the court, in the first place, supposing the facts recited above are correct, that the claim of the Fajardo Sugar Company as an unsecured creditor is already at issue and has been referred to the master, and whatever may be the right or wrong of it may be set up there; so that I do not see that it is necessary to have a bill of intervention for the purpose of that claim.

2. As to the second phase of the claim of the Fajardo Sugar Company as a bondholder, if the purpose of this bill of intervention is to establish the validity of the bond issue, then until it alleges that the trustee is not setting that up, is not doing his duty, I do not think that the intervener has any standing in court. Counsel for the complainant says that that is not his

object. On the other hand, if the purpose of this bill of intervention is to go a step further back and say that he has a right in this case to show that he is a bondholder by proper purchase or otherwise, this would be making the court determine, in a suit to foreclose and before the decree of foreclosure, who are the bondholders. It would seem as if that is premature. After the sale or after the decree of foreclosure there will certainly be an opportunity afforded for all persons who claim to be bondholders, to show that they are such. That is something the trustee could not tell, unless there is some system of registration provided for, who are the holders of bonds under the issue which he represents. That could not be concluded by any action of the trustee, and I am sure he would not want to conclude it. So if that is the object of the bill of intervention, it would seem as if this is not the right time, but that it must come in on a reference after the decree of foreclosure, at which time the Fajardo Sugar Company will have full opportunity to show that it is a bondholder. So it does not appear that there is anything the Fajardo Sugar Company can complain of at present. They have no necessity for a day in court at present. They are coming in on a day before their day in court on that view of the case.

3. The third point is, however, that the Fajardo Sugar Company say they have some special rights which should come up now. On the statement of the bill and the argument, and from reading the bill as well as I am able at present, it seems that the special right claimed is that in this foreclosure suit Welch & Company is denying the validity of the bond issue, and that the Fajardo Sugar Company, having bought some bonds, want to defend the bond issue. That is just going back to one of the

Welch & Co. v. Central San Cristobal.

points already discussed; so that, on the whole, it appears to me, as at present advised, that a motion of some kind which attacks the right of the Fajardo Sugar Company to come in at all now, whether it be a motion to dismiss the bill for want of equity or a demurrer to the bill, should be granted.